UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ZACHERY KOHLI, *Pro Se*, ) | Case No.: 1:20 CV 849 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| JAVITCH, BLOCK ) | MEMORANDUM OF OPINION |
| & RATHBONE LLP, *et al.*, ) | AND ORDER |
| ) | |
| Defendants ) | |

*Pro Se* Plaintiff Zachery Kohli filed this action under the Consumer Financial Protection Act against law firm Javitch, Block & Rathbone, LLP, the Consumer Financial Protection Bureau, Transworld Systems, Inc., National Collegiate Master Student Loan Trust, National Collegiate Student Loan Trust 2003-1, National Collegiate Student Loan Trust 2004-1, National Collegiate Student Loan Trust 2004-2, National Collegiate Student Loan Trust 2005-2, National Collegiate Student Loan Trust 2005-3, National Collegiate Student Loan Trust 2006-2, and Delaware Statutory Trusts. In the Complaint, Plaintiff alleges that the Defendants generally engage in unfair debt collection practices. He asserts that these acts violate the Consumer Financial Protection Act, and seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

## Background

Plaintiff consolidated his student loans owed to the National Collegiate Student Loan Trust (NCSLT) in 2011 and began making payments under the consolidation plan. He contends that although he did not miss a payment, NCSLT, through its attorneys at Javitch, Block & Rathbone, attempted to garnish his wages. He filed a civil action to stop the garnishment. In the course of that action, they negotiated a settlement on June 12, 2013, in which Plaintiff would pay $600 a month toward satisfaction of his student loan obligation. Again, although he faithfully made payments under the agreement, Javitch, Block & Rathbone made another attempt to garnish his wages in August 2013. Plaintiff filed another civil action to stop that garnishment. Plaintiff then filed an action in this federal court against Javitch, Block & Rathbone in July 2014, asserting violations of the Fair Debt Collection Practices Act. That action was settled by the parties in March 2016 and dismissed with prejudice. *See Kohli v. Javitch, Block & Rathbone*, No. 1:14-cv-01665 (N.D. Ohio March 15, 2016)(Oliver, J.).

Four years later, Plaintiff filed this action. He alleges in general terms that in numerous instances in various lawsuits, the Defendants engaged in practices such as: (1) filing affidavits and calling witness purporting that the affiant or witness had personal knowledge of a debt when in fact, they did not possess that personal knowledge; (2) having affidavits notarized outside of the presence of the affiant; (3) filing lawsuits to collects debts when they know they could not prove the claims; (4) collecting time-barred debt; and (5) filing lawsuits when they have no intent to the prove the claims. Plaintiff alleges without further explanation that he has suffered injury as a result of these actions. He seeks injunctive relief and monetary damages.

## Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that

" a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

**Analysis**

As an initial matter, Plaintiff lacks standing to assert generalized allegations against the Defendants for actions taken in numerous instances in other cases in which Plaintiff was not a party. Federal courts have constitutional authority to decide only "cases" and "controversies." U.S. Const. art. III § 2; *see Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). A Plaintiff must demonstrate that he has standing to bring a suit, The "irreducible constitutional minimum" of standing is that for each claim, each Plaintiff must allege an actual or imminent injury that is traceable to the Defendant and redressable by the Court. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-62, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992); *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 185, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000).

The first criteria needed to establish standing is an actual or imminent injury. The injury must be an "injury in fact," meaning "an invasion of a *legally protected interest* which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' " *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (emphasis added) (citations omitted). The requirement that an injury be "concrete and particularized" has two discrete parts: concreteness, which is the requirement that the injury be real, and not abstract, and particularization, which is the requirement that the Plaintiff

personally have suffered some actual or threatened injury as opposed to bringing a generalized grievance. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (emphasis added). A Plaintiff" raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573-74, 112 S.Ct. 2130. Plaintiff must "assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999).

The second criteria to establish standing is causation. Even if a plaintiff alleges an actual or imminent injury that is concrete and particularized, he must also show that the injury is "fairly traceable to the defendant's allegedly unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

Finally, a plaintiff must also plead facts sufficient to establish that the Court is capable of providing relief that would redress the alleged injury. *Lujan*, 504 U.S. at 561-62, 112 S.Ct. 2130. In other words, it must be likely as opposed to merely speculative that the injury will be addressed by a favorable decision. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38 (1976).

In this case, Plaintiff lacks standing to raise these claims because he has not alleged that the Defendants caused an actual and particular injury to him personally. He alleges only that in numerous unspecified cases, the Defendants, in whole or in part, engaged in practices which were unlawful. He does not allege that he personally experienced any of these or that he was personally injured by those actions. He lacks standing to bring claims as stated in the Complaint.

To the extent Plaintiff is attempting to base this Complaint on the experiences he had in the past with the Defendants, he is barred by the doctrine of *res judicata* from proceeding with his claims. The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chemical Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action.

Both of these requirements are met in this case. Plaintiff filed, litigated and settled a lawsuit with Javtich, Block & Rathbone under the Fair Debt Collections Practices Act based on their activities in the collection of his student loans. He asserts a new legal theory for recovery but does not allege any new actions by the Defendants. He cannot return four years after his first case settled and seek additional compensation for the same actions based on a new legal claim. Those claims must be dismissed.

## Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is hereby dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to

28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

  IT IS SO ORDERED.


                /s/ SOLOMON OLIVER, JR.
                UNITED STATES DISTRICT JUDGE

September 9, 2020

---

[1] 28 U.S.C. § 1915(a)(3) provides:

  An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.